Christopher **DENMARK**, Plaintiff–Appellee,

v.

The **STATE** of Colorado and Board of Directors, Auraria Higher Education Center, Defendants–Appellants.

No. 96CA1573.

Colorado Court of Appeals, Div. V.

Sept. 4, 1997.

Rehearing Denied Oct. 30, 1997.

Certiorari Denied May 11, 1998.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1996 Cum.Supp.).

Stephen P. Holmes, Denver, for Plaintiff–Appellee.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Douglas J. Cox, Assistant Attorney General, Denver, for Defendants–Appellants.

Opinion by Judge PIERCE*

In this negligence action brought by plaintiff, Christopher Denmark, defendants, the State of Colorado and the Board of Directors of Auraria Higher Education Center, bring this interlocutory appeal seeking reversal of the trial court's denial of their motion to dismiss for lack of subject matter jurisdiction. We affirm.

Plaintiff, who was a student at Metropolitan State College, alleged that he was injured while he was participating in a flag football game during a physical education

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1996 Cum.Supp.).

class on an athletic field located on the campus of the Auraria Higher Education Center.

Defendants filed a motion to dismiss plaintiff's complaint principally for lack of subject matter jurisdiction under the Colorado Governmental Immunity Act (GIA), § 24–10–101, et seq., C.R.S (1988 Repl.Vol. 10A). In response, plaintiff asserted that defendants' sovereign immunity had been waived under § 24–10–106(1)(e), C.R.S. (1988 Repl.Vol. 10A) because the athletic field was a public facility located in a recreation area that was maintained by defendants.

The trial court ordered the parties to conduct additional discovery on the immunity claim and to submit offers of proof. Thereafter, the court denied defendants' motion finding that the athletic field was located in a "recreation area" for purposes of § 24–10–106(1)(e).

Accordingly, it concluded that defendants could not claim sovereign immunity under the GIA.

None of the negligence issues is before us. The sole issue on appeal is whether the trial court erred in finding that the athletic field was located in a recreation area.

Defendants argue that the plain and ordinary meaning of the phrase "park or recreation area" does not include an athletic field located on the Auraria campus. In support of this interpretation, defendants assert that the enabling legislation and the legislative history of the statute providing for the planning and development of the Auraria campus establish that the campus was created specifically for educational purposes. Defendants further argue that the enabling legislation did not allow for the creation of parks or recreation areas. We conclude that defendants' construction of the term "recreation area" is too narrow and that the trial court did not err in determining that defendants' sovereign immunity had been waived.

The GIA provides that a public entity is immune from liability for all claims for injury that lie in tort or could lie in tort except in certain limited circumstances. *See* §§ 24–10–105 and 24–10–106(1), C.R.S. (1988 Repl. Vol. 10A). As pertinent here, a public enti-ty's immunity from liability under the GIA is waived for injuries resulting from:

> A dangerous ·condition of any … public facility located in any park or recreation area maintained by a public entity…. Nothing in this subparagraph (e) or in paragraph (d) of this subsection (1) shall be construed to prevent a public entity from asserting sovereign immunity for an injury caused by the natural condition of any unimproved property, whether or not such property is located in a park or recreation area or on a highway, road, or street right-of-way.

Section 24–10–106(1)(e), C.R.S. (1988 Repl. Vol. 10A).

In interpreting the GIA, our goal is to give effect to the intent of the General Assembly. *City & County of Denver v. Gallegos,* 916 P.2d 509 (Colo.1996). That intent is first determined by looking at the statutory language itself in accordance with the plain and ordinary meaning of the words used. *Fogg v. Macaluso,* 892 P.2d 271 (Colo.1995); *Farina v. City & County of Denver,* 940 P.2d 1004 (Colo.App.1996).

The term "recreation area" is not defined in the GIA. The plain meaning of the word "recreation" is:

> [T]he act of recreating or the state of being recreated: refreshment of the strength and spirits after toil: DIVERSION, PLAY….

*Webster's Third New International Dictionary* 1899 (1986).

The word "area" includes:

> [A] definitely bounded piece of ground set aside for a specific use or purpose….

*Webster's Third New International Dictionary* 115 (1986).

Taken together, the plain meaning of these words would encompass a location where a person could engage in a sport or similar activity.

Therefore, contrary to defendants' contention, we conclude that an area used for recreation, even though not formally designated as such, may be determined to be a "recreation area" for purposes of § 24–1–106(1)(e). Moreover, designating that an

area may be used for educational purposes does not preclude a determination that the area is also a "recreation area." In view of this holding, we need not address defendants' arguments that the enabling legislation and its legislative history do not permit such an interpretation.

We next address whether the trial court erred in find that the athletic field at issue here constituted a recreation area. We find no error.

■ Whether a claim falls within an exception to immunity under the GIA is an issue of subject matter jurisdiction for the trial court's determination pursuant to C.R.C.P. 12(b)(1). *Fogg v. Macaluso, supra.* Any factual dispute which may affect the existence of subject matter jurisdiction is to be resolved by the trial court as trier of fact. Appellate review of this determination is conducted under the highly deferential, clearly erroneous standard. *Trinity Broadcasting of Denver, Inc. v. City of Westminster*, 848 P.2d 916 (Colo.1993).

■ Here, the record establishes that the athletic field upon which plaintiff was injured was part of a multi-use complex. This complex consisted of tennis courts, a quarter-mile track, and a multipurpose field which contained a soccer field and baseball and softball diamonds. The athletic field in question was located within the confines of the running track.

The trial court found that the athletic field was suitable or proper for recreational purposes and that the fields have been used for both educational and recreational purposes. It noted that, although the athletic field was initially funded for academic purposes, it had been used primarily for recreation.

The court further found that recreational activities such as sports, concerts, jogging, frisbee tossing, and picnicking have all taken place on the athletic field.

Viewing the record under the applicable standard of review, we conclude that the trial court did not err in determining that the athletic field is located in a recreation area. Accordingly, the court did not err in concluding that defendants' sovereign immunity had been waived under § 24–10–106(1)(e). *See*

*Trinity Broadcasting of Denver, Inc. v. City of Westminster, supra.*

The order is affirmed.

RULAND and TAUBMAN, JJ., concur.